IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Albert S. Kelly, | ) | Civil Action No. 4:17-cv-01581-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Associate Warden Sharp, | ) | |
| Mr. Dennis, Mental Health, | ) | |
| Miss Prievett, Mental Heath, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff Albert S. Kelly's ("Plaintiff") Motion for Reconsideration, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (ECF No. 22), requesting the court to reconsider its Order ("Order") (ECF No. 19) entered on July 3, 2018, which accepted the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 8) entered on June 27, 2017. In the Report, the Magistrate Judge recommended dismissing Plaintiff's claims without prejudice.

**I.      RELVEVANT BACKGROUND TO THE PENDING MOTION**

The Magistrate Judge issued the Report on June 27, 2017. (ECF No. 8.) The Magistrate Judge advised Plaintiff of the right to file objections to the Report, the procedures and requirements for filing objections to the Report, and the serious consequences if he failed to do so. (ECF No. 8 at 6.) Plaintiff failed to file objections by the July 14, 2017 deadline. (ECF No. 8). On July 3, 2018, United States District Judge Marvin Quattlebaum, Jr. accepted the Magistrate Judge's Report, and dismissed Plaintiff's Complaint, finding no clear error in the Report. On April 30, 2019, this case was reassigned to the undersigned.

## II. PLAINTIFF'S ARGUMENT

In his Motion for Reconsideration (ECF No. 22), Plaintiff contends that he never received the Magistrate Judge's Report and was never given an opportunity to object because he was no longer housed at Perry Correctional Institution in June 2018. (*Id.* at 1.) (emphasis added). Plaintiff also submits that the court should have "known [of his address change] due to another lawsuit pending in Charleston" (*Id.*) Plaintiff further reiterates his prior allegations against Defendants. (*Compare* ECF No. 22 with ECF No. 1).

## III. LEGAL STANDARD AND ANALYSIS

A court may alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure if the movant shows (1) an intervening change in the controlling law; (2) new evidence that was not available at trial; or (3) that there has been a clear error of law or a manifest injustice. *Robinson v. Wix Filtration Corp.,* 599 F.3d 403, 407 (4th Cir.2010). Upon consideration of Plaintiff's arguments, the court finds that Plaintiff has failed to establish any intervening change in the law or new evidence that would alter the court's decision to accept the Magistrate Judge's recommendation to dismiss the case. The court is also satisfied that no clear error of law or manifest injustice has resulted from its July 3, 2018 Order (ECF No. 19).

Plaintiff brings forth the argument that he never received the Report and he, therefore, never had an opportunity to file objections. (ECF No. 22 at 1.) Further, Plaintiff argues that the court should have known of his address change due to another, unrelated, case in an entirely different division. (*Id.*) However, Plaintiff is mistaken about the proper procedure for informing the court of any address change. Despite Plaintiff's apparent confusion, Plaintiff was informed of the proper procedure for *pro se* litigants regarding address changes.

Indeed, in the Magistrate Judge's June 27, 2017 Order (ECF No. 6), Plaintiff was directed to the following notice:

> You are ordered to always keep the Clerk of Court advised in writing (Post Office Box 2317, Florence, South Carolina 29503) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. **If as a result of your failure to comply with this Order, you fail to meet a deadline set by this court, your case may be dismissed for violating this Order.** Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket number of all pending cases you have filed with this court. **Your failure to do so will not be excused by the court.**

(*Id*. at 2.) (emphasis added).

Plaintiff has made no showing that he informed the court of an address change other than a belated reference to his involvement in an unrelated Charleston case. Further, Plaintiff has made no showing of new evidence that would alter the court's decision to accept the Magistrate Judge's recommendation to dismiss the case. Plaintiff continues to assert allegations of misconduct by officials in relation to this matter. However, the court remains unconvinced that Plaintiff has directed the court to (1) an intervening change in the controlling law, (2) new evidence that was not available, or (3) a clear error of law or a manifest injustice. *Robinson v. Wix Filtration Corp.,* 599 F.3d 403, 407 (4th Cir. 2010).

### IV. CONCLUSION

Based on the aforementioned reasons, Plaintiff's Motion for Reconsideration pursuant to Rule 59(e) is **DENIED.**

**IT IS SO ORDERED**.

*J. Michelle Childs*
United States District Judge

August 22, 2019
Florence, South Carolina

3